O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAY CHEN, | ) | NO. CV 13-2675-PSG (MAN) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITHOUT |
| | ) | |
| v. | ) | PREJUDICE |
| | ) | |
| RICHARD IVES, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On April 17, 2013, Petitioner, a federal prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2241 ("Petition").  Petitioner alleges that he is entitled to federal habeas relief, because the Federal Bureau of Prisons ("BOP") has filed "false charges" against him.

Petitioner acknowledges that federal prisoners seeking Section 2241 habeas relief must first exhaust their available administrative remedies.  (Petition at 2.)  Petitioner alleges that he "started to exercise his Administrative Remedy Rights," but admits that the administrative remedy process had not yet been completed.  (*Id.* at 1-3.) He asserts that completing the administrative remedy process would be "futile," and he should be excused from doing so.  (*Id.* at 3.)

The BOP has in place an administrative remedy procedure by which inmates can seek formal review of their complaints regarding any aspect of imprisonment, including disciplinary proceedings.  Generally, the procedure requires a prisoner to:  first attempt to resolve his complaint informally through the BP-8 remedy; then raise his complaint with the warden through the BP-9 remedy; if the matter is not resolved in a manner satisfactory to the prisoner, the prisoner then must appeal to the BOP's Regional Director through the BP-10 remedy; and the prisoner's final administrative appeal is to the BOP's Office of General Counsel through the BP-11 remedy.  *See* 28 C.F.R. §§ 542.10-542.19; <u>Nigro v. Sullivan</u>, 40 F.3d 990, 992 (9th Cir. 1994).  Because appeal to the General Counsel's Office is the "final administrative appeal," 28 C.F.R. § 542.15(a), inmates have not exhausted their administrative remedies until their requests have been filed at all levels of the process and denied at all levels.  *See* 28 C.F.R. § 542.15.

With respect to an appeal stemming from an inmate disciplinary proceeding, the inmate must submit his appeal initially to the BOP's Regional Director, utilizing the BP-10 remedy, within 20 calendar days of the date of the disciplinary hearing officer's findings.  28 C.F.R. § 542.14(d)(2).  If dissatisfied with the Regional Director's response, the inmate must submit a timely appeal/BP-11 to the BOP's Office of General Counsel.  28 C.F.R. § 542.15(a).

Petitioner alleges that:  he commenced his BP-10 remedy process; the Western Regional Office of the BOP acknowledged receiving his BP-10 grievance on March 4, 2013, and designated April 3, 2013, as its date of response; and as of April 5, 2013, Petitioner had not received the

1 Regional Director's response.   (Petition at 1.)   Relying on an

2 unpublished and non-citable decision of the Third Circuit,[1] Petitioner

3 asserts that, because he did not receive a response from the Regional

4 Director on its due date, he must be deemed to have exhausted his

5 administrative remedies.   (Petition at 1, 3.)

6

7        Under the doctrine of exhaustion, "no one is entitled to

8        judicial relief for a supposed or threatened injury until the

9        prescribed . . . remedy has been exhausted." *McKart v.*

10       *United States*, 395 U.S. 185, 193, 89 S. Ct. 1657, 23 L.Ed.2d

11       194 (1969)(citation and internal quotation marks omitted).

12       Exhaustion can be either statutorily or judicially required.

13

14 Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004).

15

16      Section 2241 does not contain an exhaustion requirement, and thus,

17 exhaustion is not a jurisdictional requirement.   Brown v. Rison, 895

18 F.2d 533, 535 (9th Cir. 1990).  For prudential reasons, however, federal

19 courts require Section 2241 petitioners to exhaust their administrative

20 remedies prior to seeking habeas relief.   *See, e.g.,* Singh v.

21

22      [1]   Boyd v. Department of Corrections, 32 Fed. Appx. 16 (3d Cir.
Feb. 26, 2002).  In Boyd, in which a state prisoner pursuant a 42 U.S.C.

23 § 1983 civil rights claim, the plaintiff asserted that he should be
deemed to have complied with the 42 U.S.C. §1997e(a) exhaustion

24 requirement for prisoner civil rights actions, because he complied with
all steps of the administrative remedy process and defendants failed to

25 respond to his grievances.  On appeal of the district court's dismissal
for lack of exhaustion, the defendants conceded that plaintiff, in fact,

26 had exhausted his administrative remedies, and the Third Circuit
reversed and remanded for that reason.  *Id.* at 18.  The Third Circuit

27 did not, as Petitioner represents, hold that "'when prison officials
don't respond, administrative remedies are exhausted'" (*see* Petition at

28 1).  Thus, Boyd is factually inapposite here.

1  _Napolitano_, 649 F.3d 899, 900 (9th Cir. 2011)(_per curiam_)("In order to

2  seek habeas relief under section 2241 . . . a petitioner must first, 'as

3  a prudential matter,' exhaust his or her available administrative

4  remedies.")(citation omitted); _Martinez v. Roberts_, 804 F.3d 570, 571

5  (9th Cir. 1986)(_per curiam_)("Federal prisoners are required to exhaust

6  their federal administrative remedies prior to bringing a petition for

7  a writ of habeas corpus in federal court."). Requiring a petitioner to

8  exhaust his administrative remedies aids "judicial review by allowing

9  the appropriate development of a factual record in an expert forum,"

10  conserves "the court's time because of the possibility that the relief

11  applied for may be granted at the administrative level," and allows "the

12  administrative agency an opportunity to correct errors occurring in the

13  course of administrative proceedings." _Ruviwat v. Smith_, 701 F.2d 844,

14  845 (9th Cir. 1983)(_per curiam_). Dismissal is appropriate when a

15  federal prisoner has not exhausted the administrative remedies made

16  available by the BOP. _Martinez_, 804 F.2d at 571.

17

18      Courts have discretion to waive the exhaustion requirement when

19  administrative remedies are inadequate or their exercise would be

20  futile, or irreparable injury would result without immediate judicial

21  intervention. _See, e.g._, _Laing_, 370 F.3d at 1000; see also

22  _Acevedo–Carranza v. Ashcroft_, 371 F.3d 539, 542 n.3 (9th Cir. 2004).

23  Although "courts have discretion to waive the exhaustion requirement

24  when prudentially required, this discretion is not unfettered." _Laing_,

25  370 F.3d at 998; _see also_ _Murillo v. Mathews_, 588 F.2d 759, 762 n.8 (9th

26  Cir. 1978)("Although the '(a)pplication of the rule requiring exhaustion

27  is not jurisdictional, but calls for the sound exercise of judicial

28  discretion,' it is not lightly to be disregarded.")(citation omitted).

1  A "key consideration" in exercising such discretion is whether
2  "'relaxation of the requirement would encourage the deliberate bypass
3  of the administrative scheme.'" <u>Laing</u>, 370 F.3d at 1000 (citation
4  omitted).

5

6       Petitioner, plainly, has not exhausted his administrative remedies.
7  Rather than waiting to receive the Regional Director's response, and
8  then -- if relief is not afforded -- completing the exhaustion process
9  by pursuing his BP-11 remedy as required, Petitioner immediately sought
10 relief in federal court.  The fact that Petitioner had not yet received
11 the Regional Director's response a mere two days after its asserted due
12 date does not justify Petitioner's abandonment of his exhaustion
13 efforts, not does it excuse his haste in proceeding to federal court
14 prematurely.  There is no basis for finding the administrative remedies
15 procedure futile or unavailable in Petitioner's case, and there is no
16 basis for waiving the exhaustion requirement.  Excusing Petitioner from
17 completing the administrative remedies procedures would improperly
18 encourage the deliberate bypass of the BOP's administrative review
19 process.  *See* <u>Laing</u>, 370 F.3d at 1000.  The Court therefore concludes
20 that waiving Petitioner's failure to exhaust his administrative remedies
21 would be inappropriate and an abuse of discretion.  Accordingly, the
22 Petition must be dismissed for failure to exhaust administrative
23 remedies.
24 ///
25 ///
26 ///
27 ///
28      IT IS ORDERED that:  the Petition is dismissed, without prejudice,

1  for failure to exhaust available administrative remedies; and Judgment

2  shall be entered dismissing this action, without prejudice.

3

4  DATED: __April 19, 2013_____

5  _____

6  PHILIP S. GUTIERREZ
   UNITED STATES DISTRICT JUDGE

7

8  SUBMITTED BY:

9

10 _____
   MARGARET A. NAGLE

11 UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28